### E. Currie and another *v.* The State.

1. Appeal in Forma Pauperis.—From a final judgment for $20 or more, rendered on a recognizance or bail bond, an appeal may be taken or a writ of error sued out *in forma pauperis;* but in such case it is indispensable that the requirements of article 1401 of the Revised Statutes be complied with by making the "strict proof" therein prescribed. Affidavit that the appellant is "unable to give security for the costs of appeal" is not a compliance with those requirements, and is insufficient.
2. Same.— See the opinion for a collocation of the statutory provisions which regulate appeals and writs of error *in forma pauperis* from judgments on recognizances, bail bonds, and bonds taken for the prevention or suppression of offenses.

Appeal from the District Court of Houston. Tried below before the Hon. W. D. Wood.

The opinion discloses the case.

*E. Currie,* for the appellants.

*Thomas Ball,* Assistant Attorney General, moved to dismiss the appeal.

White, P. J. This is an appeal from a judgment final on a forfeited bail bond. Judgment final was rendered on the 11th of October, 1879, after the Revised Statutes had gone into operation. When their motion for a new

trial was overruled, Currie and Hyde, the sureties on the forfeited bond, gave notice of appeal. No appeal bond has been executed by appellants or either of them, to perfect the appeal. In lieu of an appeal bond Currie, one of the appellants, made the following affidavit: "Personally appeared before the undersigned authority, E. Currie, one of the defendants in the foregoing-stated cause, and after being duly sworn says that he is unable to give security for the costs of appeal in said cause," etc.

The assistant attorney general moves to dismiss the appeal because it is not perfected as the law requires. The motion is well taken.

Our statutes prescribe the mode of procedure as follows: "An appeal may be taken either by the State or defendant from every final judgment rendered upon a recognizance, bail bond, or bond taken for the prevention or suppression of offenses, when such judgment is for twenty dollars or more, exclusive of costs, but not otherwise; and the proceedings in such cases shall be regulated by the same rules which are prescribed in other civil suits." Code Crim. Proc. art. 891.

"Art. 892. The State or the defendant may also have any such judgment as is mentioned in the preceding article, and which may have been rendered in the District or County Court, revised upon writ of error as in other civil suits."

"Art. 893. In the cases provided for in the two preceding articles, the proceedings shall be regulated by the same rules that govern the other civil actions where an appeal is taken or writ of error is sued out."

Turning to our Civil Statutes, we find the rule prescribed as follows: "The appellant or plaintiff in error, as the case may be, shall execute a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the probable costs of the suit of both the

appellate and the court below, to be fixed by the clerk, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and pay all the costs which have accrued in the court below, or which may accrue in the appellate court." Rev. Stat. art. 1400. (If a supersedeas is desired, then the bond must be in conformity with Revised Statutes, art. 1404.)

"Art. 1401. When the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but in order to do so he shall be required to make strict proof of his inability to pay the costs or any part thereof. Such proof shall be made before the county judge of the county where the party resides, or before the court trying the case, and shall consist of the affidavit of said party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit; whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this act, to his appeal."

"Art. 1402. When the bond, or affidavit in lieu thereof, provided for in the two preceding articles has been filed, and the previous requirements of this chapter complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

But, with neither a bond nor an affidavit in lieu thereof, such as the statute requires, this court has no authority to do so, and will not entertain the appeal from a judgment on a forfeited bond. Because the appeal has not been perfected, the motion of the assistant attorney general must prevail and the appeal be dismissed.

*Appeal dismissed.*